[No. B229358. Second Dist., Div. Four. Apr. 20, 2012.]

PERSONAL COURT REPORTERS, INC., Plaintiff and Respondent, v. GARY RAND et al., Defendants and Appellants.

**COUNSEL**

Timothy D. Rand-Lewis for Defendants and Appellants.

Law Offices of Philip Landsman, Philip Landsman; Law Office of Robert F. Cohen, Robert F. Cohen; Law Office of Frances L. Diaz and Frances L. Diaz for Plaintiff and Respondent.

**OPINION**

**SUZUKAWA, J.**—Defendants Gary Rand and Suzanne Rand-Lewis appeal from the order denying their special motion to strike under Code of Civil

Procedure section 425.16, the anti-SLAPP statute. Finding no error, we affirm the order of denial. We also conclude the appeal is frivolous and award attorney fees to plaintiff.

## BACKGROUND

Plaintiff Personal Court Reporters, Inc., filed a complaint for breach of contract and common counts against defendants "Gary Rand DBA Rand & Rand-Lewis and Suzanne Rand-Lewis DBA Rand & Rand-Lewis." The complaint alleged that pursuant to the parties' agreement, plaintiff had provided court reporting services for which defendants owed a balance of $32,323.45 plus interest.

Defendants filed a special motion to strike the complaint under Code of Civil Procedure section 425.16, which was based on the following assertions: Both defendants are attorneys who, through their respective professional law corporations, represented clients in prior lawsuits. Plaintiff provided court reporting services to defendants' clients in the prior lawsuits. On behalf of their clients, defendants protested that plaintiff's court reporting fees were "illegal, excessive, and unnecessary." In retaliation for those protests, plaintiff sued defendants in their individual capacities (even though they are not individually liable for the disputed fees) and under the nonexistent "DBA Rand & Rand-Lewis."

With regard to the threshold showing of whether the challenged cause of action arises from protected activity (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685]), defendants argued that all of the conduct alleged in the complaint had occurred during protected legal proceedings: "Plaintiff's Complaint, while masquerading as a simple breach of express contract action, is in reality a bad faith attempt to retaliate against the individual Defendants, who had no contractual relationship with Plaintiff whatsoever, because the clients of Defendants' Professional Law Corporations complained about paying Plaintiff's exorbitant, illegal, and unnecessary charges. Plaintiff has hired the 'evil attorney'[1] to bring this action, who has improperly named individual Defendants, and a non-existent 'dba,' in complete disregard of the Professional Law Corporations of public record, and who has ignored all attempts by defense counsel to meet and confer in this regard. [Internal record reference omitted.] In conclusion, all conduct alleged in the Complaint took place during, and as part of, legal proceedings rendering same privileged, and subject to the protection afforded by CCP §425.16. As Plaintiff has failed and refused to

---

[1] "Plaintiff's counsel markets himself as the 'evil attorney,' specializing in 'evil letters and evil phone calls.' "

name the proper parties to this lawsuit, and persists in proceeding against individuals who it had absolutely no contractual relationship with, this motion is necessary and must be granted."

Plaintiff disagreed that the threshold showing had been met. Plaintiff argued that the conduct alleged in the complaint did not arise from protected speech or petitioning activities, but from the nonpayment of a bill, which is not a protected activity. Plaintiff contended that its action did not fall within the scope of the anti-SLAPP statute because the purpose of its lawsuit was to collect an outstanding debt, not to impinge on protected speech or petitioning activities. Plaintiff stated in relevant part: "The subject matter of Plaintiff's complaint is not the Defendant's vague, general conduct in prior judicial proceedings. Defendants were sued for nonpayment of invoices, an omission. The Defendant[]s fail to explain what 'free speech' actually occurred. Is it possible they contend that the omission of bill payment may [fall] under the 'free speech' safeguards of CCP §425.16? This makes no sense."

The trial court denied the special motion to strike based on its determination that the threshold showing had not been met, stating: "The Court has read and considered the moving papers, opposition, reply and hears argument in this matter. [¶] The Court is not satisfied that the motion under CCP Section 425.16 is appropriate to this action and the motion is denied."

## DISCUSSION

### I. The Anti-SLAPP Statute

"A SLAPP suit—a strategic lawsuit against public participation—seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1109, fn. 1 [81 Cal.Rptr.2d 471, 969 P.2d 564].) The Legislature enacted Code of Civil Procedure section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 865 [44 Cal.Rptr.2d 46].)

"In evaluating an anti-SLAPP motion, the trial court first determines whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity. (*Equilon Enterprises v. Consumer Cause, Inc.*[, *supra*,] 29 Cal.4th [at p.] 67 . . . .) Under Code of Civil Procedure section 425.16 '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike. . . .' (Code Civ.

Proc., § 425.16, subd. (b)(1).) 'A cause of action "arising from" defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.' (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 648 [49 Cal.Rptr.2d 620], disapproved on other grounds in *Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 68, fn. 5.) 'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action. (*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 17–19 [43 Cal.Rptr.2d 350].) This includes qualifying acts committed by attorneys in representing clients in litigation. (See, e.g., *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1086 [114 Cal.Rptr.2d 825]; *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1418–1420 [103 Cal.Rptr.2d 174].)

██ "If the court finds the defendant has made the threshold showing, it determines then whether the plaintiff has demonstrated a probability of prevailing on the claim. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 67.) 'In order to establish a probability of prevailing on the claim ([Code Civ. Proc.,] § 425.16, subd. (b)(1)), a plaintiff responding to an anti-SLAPP motion must " 'state[] and substantiate[] a legally sufficient claim.' " [Citations.] Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." [Citations.]' (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733].)" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055–1056 [39 Cal.Rptr.3d 516, 128 P.3d 713].)

In an appeal from an order denying a special motion to strike, "[w]e independently review the record to determine whether the asserted causes of action arise from the defendant's free speech or petitioning activity, and, if so, whether the plaintiff has shown a probability of prevailing. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 [46 Cal.Rptr.3d 638, 139 P.3d 30]; *HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212 [12 Cal.Rptr.3d 786].) We consider 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' ([Code Civ. Proc.,] § 425.16, subd. (b)(2); see *Flatley v. Mauro* (2006) 39 Cal.4th 299, 326 [46 Cal.Rptr.3d 606, 139 P.3d 2].) We do not reweigh the evidence, but accept as true all evidence favorable to the plaintiff and evaluate the defendant's evidence only to determine if it has defeated the evidence submitted by the plaintiff as a matter of law. (*Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 105–106 [15 Cal.Rptr.3d 215]; *Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 573–574 [104 Cal.Rptr.3d 628].) If the trial court's decision denying an anti-SLAPP motion is correct on any theory applicable to the case, we may affirm the order regardless of

the correctness of the grounds on which the lower court reached its conclusion. (*Robles v. Chalilpoyil, supra*, at p. 573.)" (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1306–1307 [123 Cal.Rptr.3d 142].)

## II. The Causes of Action Do Not Arise From Defendants' Free Speech or Petitioning Activities

Notwithstanding that the complaint was filed *after* court reporting services were provided in the underlying cases, we conclude the acts alleged in the complaint did not arise from the underlying lawsuits for purposes of the anti-SLAPP statute. Other courts when faced with similar situations have reached the same conclusion.

■ In *City of Alhambra v. D'Ausilio, supra*, 193 Cal.App.4th at pages 1307–1308, the court upheld an order denying a special motion to strike, stating: "It is undisputed that appellant's alleged activities on October 7 and 9, 2008, involving demonstrations against the City constitute free speech or petitioning activities protected under [Code of Civil Procedure] section 425.16. It is also undisputed that the City's complaint was filed shortly after these alleged activities took place and that these activities triggered the City's lawsuit. [¶] But 'the mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute. [Citation.] Moreover, that a cause of action arguably may have been "triggered" by protected activity does not entail that it is one arising from such. [Citation.] In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity.' (*Navellier v. Sletten* [(2002)] 29 Cal.4th [82,] 89 [124 Cal.Rptr.2d 530, 52 P.3d 703], citing [*City of Cotati v. Cashman* (2002)] 29 Cal.4th [69,] 76–78 [124 Cal.Rptr.2d 519, 52 P.3d 695] [(*Cotati*)].) 'The anti-SLAPP statute cannot be read to mean that "any claim asserted in an action which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is *based on* conduct in exercise of those rights." [Citations.]' (*Cotati, supra*, at p. 77.) As Division One of our district recently noted: 'In deciding whether an action is a SLAPP, the trial court should distinguish between (1) speech or petitioning activity that is mere *evidence* related to liability and (2) liability that is *based on* speech or petitioning activity.' (*Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, 1214–1215 [104 Cal.Rptr.3d 692].) [¶] We conclude that the City's declaratory relief claim does not arise from appellant's protected activities, but from an actual, present controversy between the parties regarding the scope and enforceability of section 3.8 of the settlement agreement. This is made clear by the specific allegations in the City's complaint; the admissions in appellant's answer; the nearly identical declaratory relief claim alleged by appellant in

his counterclaim against the City; and the federal court's order remanding the action. Indeed, appellant's anti-SLAPP motion acknowledges that 'This lawsuit arises out of a Settlement Agreement . . . executed between the City and Defendant Robert D'Ausilio.' While appellant's protected speech activities may have alerted the City that an actual controversy existed regarding the legality of section 3.8, the speech itself does not constitute the controversy. The City did not sue appellant because he engaged in protected speech; the City sued him because it believed he breached a contract which prevented him from engaging in certain speech-related conduct and a dispute exists as to the scope and validity of that contract."

 Similarly, the court in *USA Waste of California, Inc. v. City of Irwindale* (2010) 184 Cal.App.4th 53, 62–63 [108 Cal.Rptr.3d 466], stated: " 'That a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such.' ([*Cotati, supra,*] 29 Cal.4th [at p.] 78 . . . .) '[T]he statutory phrase "cause of action . . . arising from" means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech.' (*Ibid.*) [¶] '[A] defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant. (See *Paul v. Friedman* [(2002)] 95 Cal.App.4th [853,] 866 [117 Cal.Rptr.2d 82] ["[t]he statute does not accord anti-SLAPP protection to suits arising from any act having any connection, however remote, with an official proceeding"].) . . . [I]t is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies (*Cotati, supra,* 29 Cal.4th at p. 79), and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute.' (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188 [6 Cal.Rptr.3d 494].)"

 We likewise conclude that notwithstanding plaintiff's allegations regarding arguably protected activity (protesting that certain court reporting fees in underlying cases were illegal, excessive, and unnecessary), those allegations are only incidental to the causes of action for breach of contract and common counts, which are based essentially on nonprotected activity— the nonpayment of overdue invoices. We agree with *Martinez* that "when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." (*Martinez v. Metabolife Internat., Inc., supra,* 113 Cal.App.4th at

p. 188.) We therefore hold that because the allegations of arguably protected activity are only incidental to the "principal thrust or gravamen" of the complaint (*ibid.*, italics omitted, citing *Cotati, supra*, 29 Cal.4th at p. 79), the anti-SLAPP statute does not apply to the complaint in this case.

## III. *Plaintiff's Request for Sanctions*

Plaintiff contends it is entitled to recover attorney fees on appeal. It argues that defendants' "appeal is no less frivolous than the original motion." Prior to oral argument, pursuant to *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651–653 [183 Cal.Rptr. 508, 646 P.2d 179] (*Flaherty*), we gave the parties notice that we were considering plaintiff's request and asked them to be prepared to address the issue. We also allowed the parties to file postargument supplemental briefs.

■ ". . . Code of Civil Procedure section 907 provides that '[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.' California Rules of Court, rule 8.276[(a)](1) allows the court to impose sanctions on a party or an attorney for the taking of a frivolous appeal or appealing solely to cause delay. An appeal is frivolous 'only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]' (*Flaherty, supra*, 31 Cal.3d at p. 650.) The first standard is tested subjectively. The focus is on the good faith of appellant and counsel. The second is tested objectively. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2006) ¶¶ 11:102 to 11:103, p. 11-34 (rev. # 1, 2006).) 'While each of the above standards provides *independent* authority for a sanctions award, in practice the two standards usually are used together "with one providing evidence of 'the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." [Citations.]' (*Id.* at ¶ 11:104, p. 11-34.)" (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516 [77 Cal.Rptr.3d 540].)

■ Notwithstanding defendants' argument to the contrary, this case is a simple contract dispute. Plaintiff alleges that defendants have failed to pay for court reporting services rendered. We have determined that defendants' attempt to transform a collections case into an action that chills their constitutional rights is meritless. Ordinarily, a court will not impose sanctions because an appeal is based on a creative argument with little hope of success. "[C]ounsel must have the freedom to file appeals on their clients' behalf without the fear that an appellate court will second-guess their reasonable

decisions." (*Flaherty, supra,* 31 Cal.3d at p. 648.) However, where a party bases an appeal on an argument that has been rejected and sanctioned in another trial court and affirmed on appeal, the principle of "once burned, twice shy" applies. That is the case here.

In *California Back Specialists Medical Group v. Rand* (2008) 160 Cal.App.4th 1032 [73 Cal.Rptr.3d 268] (*California Back Specialists*), defendant Gary Rand represented clients who were injured in automobile accidents. California Back Specialists Medical Group (CBSMG) provided medical treatment to the clients pursuant to liens on their personal injury actions. Rand resolved the actions and disbursed the proceeds without notifying CBSMG or satisfying the liens. CBSMG sued Rand, seeking payment pursuant to the liens. As he did in the instant case, Rand filed a special motion to strike. In support of his motion, Rand claimed he orally notified CBSMG that he would not honor the liens because he questioned the reasonableness and necessity of the medical care provided and because the treating physician had stipulated to a reprimand by the California Medical Board. Rand asserted that because CBSMG's complaint alleged acts made in connection with an issue under consideration by a judicial body and the Medical Board of California and actions taken by Rand as an attorney, it was subject to a special motion to strike under Code of Civil Procedure section 425.16. The trial court denied the motion, deemed it frivolous, and awarded attorney fees to CBSMG. (160 Cal.App.4th at pp. 1034–1036.) Rand appealed.

◼ Rand's attorney on appeal was Timothy Rand-Lewis, the same attorney who brought the current appeal. With respect to Rand's claim that CBSMG's complaint alleged acts made in connection with an issue under consideration by a judicial body, the appellate panel disagreed, concluding "CBSMG's complaint is based on the underlying controversy between private parties about the validity and satisfaction of the liens. These issues were never under consideration in any court or official proceedings until CBSMG filed the current action." (*California Back Specialists, supra,* 160 Cal.App.4th at p. 1037.) As to whether Rand's conduct was protected activity because he was acting in his role as an attorney, again, the court disagreed. It stated: "Not all attorney conduct in connection with litigation, or in the course of representing clients, is protected by [Code of Civil Procedure] section 425.16." (*Ibid.*)

◼ Despite the clear rejection of Rand's position in the prior case, he presented a startlingly similar argument here. In our matter, he claimed that "Defendants' [*sic*] protested Plaintiff's illegal and excessive charges related to the depositions [internal record reference omitted], and the purported outstanding court reporting charges occurred solely because of, and as part of,

underlying lawsuits. As such, Defendants' conduct was part of 'official proceedings' authorized by law, see, CCP § 425.16(e)(1), and were [*sic*] 'in connection with an issue under consideration' by a judicial body. CCP § 425.16(e)(2); Briggs [v. Eden Council for Hope & Opportunity, *supra*, 19 Cal.4th at p.] 1109.)" We need only virtually echo the words of the prior opinion to dispose of this assertion. "[Plaintiff's] complaint is based on the underlying controversy between private parties about the validity and satisfaction of [court reporting bills]. These issues were never under consideration in any court or official proceedings until [plaintiff] filed the current action." (*California Back Specialists, supra*, 160 Cal.App.4th at p. 1037.) Where, as here, a party appeals and merely repeats an argument that was soundly rejected by another appellate panel, we have little difficulty concluding that the party lacked good faith in pursuing the appeal. Defendants' conduct is especially egregious because they failed to bring the prior case to our attention and did not address its holding after plaintiff cited it in its brief.[2]

Rand also tries to justify his appeal by claiming that plaintiff sued defendants as individuals and not in their corporate capacities. Even if true, Rand fails to explain how that error renders plaintiff's complaint subject to a motion to strike.

We conclude defendants' appeal is wholly without merit and Gary Rand's litigation of the prior case should have made that point clear to them.[3] We also determine that defendants pursued this appeal for the purpose of delaying this matter and preventing plaintiff from presenting its case on the merits. (*Flaherty, supra*, 31 Cal.3d at p. 649 ["[T]he total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay."].)

Defendants urge that if we find the appeal frivolous, we should impose sanctions solely against their counsel. They assert they merely relied on his advice. We disagree. Defendants are attorneys, and as we have pointed out, Gary Rand was the defendant in the case brought by CBSMG.

We turn to the amount of fees plaintiff requested. Plaintiff seeks fees in the amount of $26,837.50. Defendants contend the hours claimed by plaintiff's attorneys are duplicative and unreasonable. We have reviewed the declarations of counsel and agree with defendants that some of the hours plaintiff's counsel billed appear to be duplicative or unnecessary. As a result, defendants and their counsel will be ordered to pay plaintiff's attorney fees in the amount of $22,000.

---

[2] Inexplicably, defendants cited the case in their reply brief as support for their position.

[3] We note that on several occasions plaintiff alleged that Gary Rand is Suzanne Rand-Lewis's father and Timothy Rand-Lewis's father-in-law. Defendants did not deny that they and their counsel share a familial connection.

## DISPOSITION

The order denying the special motion to strike is affirmed. Defendants and their counsel, jointly and severally, shall pay $22,000 to plaintiff as a sanction for bringing this frivolous appeal. The sanction shall be paid no later than 30 days after the remittitur is issued. Plaintiff shall recover its costs on appeal.

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(3), upon issuance of the remittitur, the clerk is directed to notify the State Bar of the sanctions imposed by this opinion and order. Pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk is directed to notify defendants and their counsel that this matter has been referred to the State Bar.

Epstein, P. J., and Manella, J., concurred.