Filed 4/12/13  Marriage of Maynard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of JULIA MAYNARD and MARK MAYNARD. | H035859 (Santa Clara County Super. Ct. No. FL146860) |
| JULIA S. MAYNARD, Respondent, v. MARK T. MAYNARD, Appellant. | |

## I.  INTRODUCTION

Appellant Mark T. Maynard and respondent Julia S. Maynard were married for over 20 years and had two children.[1]  In 2008, the parties separated and Julia filed a petition for dissolution of marriage.  At issue in the present appeal is the trial court's May 28, 2010 "Order After Trial On Real Estate Issues," which divided five pieces of real property acquired by the parties during their marriage, ruled on the valuation of the properties and the parties' reimbursement claims, and ordered Mark to pay Julia "a net

---

[1] Adopting the practice in the proceedings below, we will hereafter refer to the parties by their first names for purposes of clarity and meaning no disrespect.  (*In re Marriage of West* (2007) 152 Cal.App.4th 240, 242, fn. 1.)

equalizing payment of $127,126.00, payable upon completion of the division of the parties' remaining property."

We understand Mark to contend that the May 28, 2010 order should be reversed because the trial court erred in its rulings on property valuation and the reimbursement claims. We also understand Mark to seek review of two additional trial court rulings: the May 15, 2009 denial of his request for accommodation under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.; ADA) and the February 3, 2010 order awarding discovery sanctions against him in the amount of $5,000.

For the reasons stated below, we determine that the orders are either nonappealable or not immediately appealable. We will therefore dismiss the appeal without reaching the merits. We will also deny Julia's motion for sanctions.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in 1987 and had two children. In 2008, the parties separated and Julia filed a petition for dissolution of marriage.

In 2009, Mark filed a case management conference questionnaire in which he requested bifurcation of the issues of property division and reimbursement. On May 19, 2009, the court settlement officer, Edward F. Mills, was appointed "Temporary Judge for Real Estate." Julia's 2009 case management conference questionnaire indicated that a trial on the division of real property was set in June 2009.

On May 15, 2009, Mark filed a "Request For Accommodations By Persons With Disabilities" in which he requested that the trial be continued and a discovery master appointed to allow him sufficient time to respond to discovery and prepare for trial. On the same day, the trial court denied the request, stating: "The request for accommodation is denied because it fails to satisfy the requirements of Rule 1.10 of the California Rules of Court in that there is insufficient showing of an impairment that necessitates the type of accommodation requested. Rather, the accommodations sought, continuance of the

2

trial and the appointment of a discovery master, are matters of case management to be addressed by the Court, after notice to the other party."

The trial on real estate issues was eventually held on January 15, 25, and 29, 2010, and February 10, 2010. The issues presented for trial included "valuation of five parcels of real property acquired by the parties during their marriage; the division of the five pieces of real property; the validity and extent of Mark's [Family Code section] 2640 claims [for reimbursement of contributions of separate property to the acquisition of property being divided as community property]; and the parties' respective reimbursement claims related to the five pieces of real property."

During the trial, on January 29, 2010, Julia moved to exclude certain documentary evidence that Mark and his expert had failed to produce. In its order of February 3, 2009, the court determined that Mark had personally failed to produce the documents as previously ordered and ordered him to pay Julia discovery sanctions in the amount of $5,000.

The trial court issued its "Order After Trial On Real Estate Issues" on May 28, 2010. As stated in the tentative ruling adopted as the order of the court, the court divided the five parcels of real property by awarding Julia two properties in San Jose and awarding Mark one property in San Jose and two properties in Truckee. After ruling on the valuation of the real properties and the parties' respective reimbursement claims, the court ordered Mark to pay Julia "a net equalizing payment of $127,126.00, payable upon completion of the division of the parties' remaining property."

A status-only judgment of dissolution was entered on September 22, 2011.

### III. DISCUSSION

#### A. *May 28, 2010 Order on Real Estate Issues*

We understand Mark to contend that the May 28, 2010 order on real estate issues should be reversed because the trial court erred in its rulings on property valuation and the reimbursement claims. In her respondent's brief, Julia raises the issue of the

3

appealability of the May 28, 2010 order. We will begin our analysis by addressing that threshold issue.

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. Thus, this court is obligated to review the question of appealability. [Citations.]" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292.) "[I]f the order or judgment is not appealable, the appeal must be dismissed. [Citation.]" (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302 (*Wine Co.*).)

The general rule is that "[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. [Citations.]" (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 (*Skelley*).) The collateral order rule " 'constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding.' [Citation.]" (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 638.) Temporary support orders are an example of an appealable collateral order. "A temporary support order is operative from the time of pronouncement, and it is directly appealable. [Citation.]" (*Ibid*.; see also *In re Marriage of Cambell* (2006) 136 Cal.App.4th 502, 506.)

In the present case, the May 28, 2010 order after the bifurcated trial on real property issues divided five real properties between the parties, determined the valuation of the real properties, ruled on the parties' respective reimbursement claims, and ordered Mark to pay Julia "a net equalizing payment of $127,126.00, *payable upon completion of the division of the parties' remaining property*." (Italics added.) We asked the parties to submit supplemental briefing advising the court whether the division of the parties' remaining property had been completed. We also asked the parties to address the appealability of the May 28, 2010 order in light of the ruling in *Skelley* that an order for payment of a specific amount of temporary spousal support is appealable because it is

4

"operative from the moment of pronouncement" and "[n]othing remain[s] to be done except to enforce it." (*Skelley*, *supra*, 18 Cal.3d at pp. 369, 368.)

In their supplemental briefing, the parties agree that the division of their remaining property has not been completed and the net equalizing payment of $127,126 is not currently due and payable. Mark argues that the May 28, 2010 order is nevertheless appealable because it is final as to the disposition of the parties' real properties. He also notes that an abstract of judgment in the amount of $127,126 was filed on June 27, 2012.

Julia states in her supplemental briefing that the May 28, 2010 order is appealable as to the division of the parties' real properties, but points out that Mark did not seek review of that portion of the order.[2] In her view, the May 28, 2010 order is not appealable because it "simply determines what reimbursements are owed to each party, determines the value of the real property, and decides how to equalize the values of the real property to obtain an equal division. Payment of money is expressly reserved until the entire matter is resolved (i.e., until final judgment)."

We determine that the May 28, 2010 order is not immediately appealable for two reasons. First, the order does not require immediate payment of the $127,126 net equalizing payment. " ' "A necessary exception to the one final judgment rule is recognized where there is a final determination of some collateral matter distinct and severable from the general subject matter of the litigation. If, e.g., this determination requires the aggrieved party *immediately* to pay money . . . he [or she] is entitled to appeal even though litigation of the main issues continues." ' " (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 898, italics added.) For example, where a restitution order in a receivership case required payment by a

---

[2] We note that a pre-judgment order on a bifurcated issue that is not separately appealable may be appealed only if a certificate of probable cause has been obtained under the procedure set forth in California Rules of Court, rule 5.392. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1433 [former rule 5.180, now rule 5.392].)

certain date, the order required "immediate payment" and was "final and collateral, and therefore is appealable." (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1546.)

Second, the May 28, 2010 order requires further court action to be enforceable. As we have discussed, "[w]here the trial court's ruling on a collateral issue 'is substantially the same as a final judgment in an independent proceeding' [citation], in that it leaves the court no further action to take on 'a matter which . . . is severable from the general subject of the litigation' [citation], an appeal will lie from that collateral order even though other matters in the case remain to be determined." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561; see also *In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119 [pendente lite attorney's fees order is appealable where nothing remains for judicial determination except compliance with its terms].)

Here, the May 28, 2010 order expressly provides that the net equalizing payment of $127,126 is "payable upon completion of the division of the parties' remaining property." The order is therefore not "operative from the moment of pronouncement" and further court action is required—division of the parties' remaining property—before the order can be enforced. (*Skelley*, *supra*, 18 Cal.3d at p. 369.) Consequently, the May 28, 2010 order is not immediately appealable.

## B. *May 15, 2009 Denial of Request for ADA Accommodations*

Mark contends that the trial court erred in its May 15, 2009 denial of his request for accommodations under the ADA because, among other things, the trial court required "too high a burden of proof to grant that [he] was disabled and need[ed] more time for the time allotted for discovery and preparation of expert witnesses . . . ." Julia asserts that the May 15, 2009 denial may not be reviewed on appeal because Mark's notice of appeal did not include the denial and because the California Rules of Court expressly provide that appellate review of the trial court's denial of an accommodation request is by a petition for a writ of mandate.

6

We agree that the merits of the May 15, 2009 denial of Mark's request for accommodations may not be reviewed in this appeal. The denial of a request for accommodations is not an appealable order and where, as here, the denial was made by a judicial officer, it may be reviewed only where a timely petition for writ of mandate is filed in the court of appeal. (Cal. Rules of Court, rule 1.100(g)(2).)[3] Rule 1.100(g)(2) provides in part: "If the determination to grant or deny a request for accommodation is made by a presiding judge or another judicial officer, an applicant or any participant in the proceeding may file a petition for a writ of mandate under rules 8.485-8.493 or 8.930-8.936 in the appropriate reviewing court. The petition must be filed within 10 days of the date the response under (e)(2) was delivered in person or sent to the petitioner."

In this case, Mark did not file a timely petition for a writ of mandate and seeks review on appeal of the May 15, 2009 denial of his request for accommodations. Since the May 15, 2009 denial is not an appealable order, we may not address the merits in this appeal.[4]

**C.** *February 3, 2010 Order Awarding Discovery Sanctions*

We also understand Mark to seek review of the February 3, 2010 order directing him to pay Julia discovery sanctions in the amount of $5,000. Julia asserts that Mark did not file a timely notice of appeal for the February 3, 2010 order and therefore his request for review of the order in this appeal must be rejected.

For a different reason, we determine that the February 3, 2010 order is not immediately appealable. An order or interlocutory judgment directing a party or attorney to pay monetary sanctions is immediately appealable "if the amount exceeds five

---

[3] All further references to rules are to the California Rules of Court.

[4] Since the May 15, 2009 denial of Mark's request for accommodations is nonappealable, we deny his related motion for "Judicial Notice Of The Judicial Council's Bench Handbook; Fairness And Access [Revised 2010]" and his related "Request For Confidential Records Transfer From Santa Clara County Superior Court ADA Coordinator."

7

thousand dollars ($5,000)." (Code Civ. Proc., § 904.1, subds. (a)(11), (a)(12).) Where, as here, the amount of the sanctions order is exactly $5,000, Code of Civil Procedure section 904.1, subdivision (b) provides: "Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

Since the February 3, 2010 order directing Mark to pay discovery sanctions to Julia in the amount of $5,000 does not exceed $5,000, it is not immediately appealable and may not be reviewed in the present appeal.

Finally, before dismissing Mark's appeal as having been taken from three orders that are either nonappealable or not immediately appealable (*Wine Co.*, *supra*, 177 Cal.App.4th at p. 302), we acknowledge that Mark is self-represented on appeal. However, the California Supreme Court has instructed that "[e]xcept when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation. [Citation.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Thus, a self-represented litigant " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation]." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

**D.** *Motion for Sanctions*

Julia has filed a motion for monetary sanctions under rule 8.276 on the ground that Mark has unreasonably delayed this appeal and has caused her to incur additional attorney's fees and costs. She also contends that Mark has taken this appeal for the sole purpose of causing delay in their underlying marital dissolution action.

8

Under Code of Civil Procedure section 907[5] and rule 8.276(a)(1),[6] an appellate court may impose sanctions against a party or an attorney for taking a frivolous appeal or appealing solely to cause delay. " ' "While each of the above standards provides *independent* authority for a sanctions award, in practice the two standards usually are used together 'with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay.' [Citations.]" [Citation.]' " (*Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 191.)

In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, the California Supreme Court set forth the standard for determining whether an appeal is frivolous and deserving of sanctions. The court stated that sanctions "should be used most sparingly to deter only the most egregious conduct." (*Id.* at p. 651.) The court further explained that "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Id.* at p. 650.) Instead, "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*Ibid.*)

In this case, although it is a close issue whether plaintiff's appeal is "totally and completely without merit" (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650) because we have found the three orders at issue to be either nonappealable or not

---

[5] Code of Civil Procedure section 907 provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."

[6] Rule 8.276(a)(1) provides: "On motion of a party or its own motion, a Court of Appeal may impose sanctions, including the award or denial of costs under rule 8.278, on a party or an attorney for: [¶] Taking a frivolous appeal or appealing solely to cause delay."

immediately appealable, we determine that under the circumstances of this case, sanctions are not warranted and we will deny Julia's motion.

## IV.  DISPOSITION

The appeal is dismissed.  Costs on appeal are awarded to respondent Julia S. Maynard.  Respondent's motion for sanctions is denied.


_____
BAMATTRE-MANOUKIAN, J.



WE CONCUR:



_____
ELIA, ACTING P.J.




_____
MÁRQUEZ, J.



10