Filed 2/28/14  Vue v. Hmong International New Year Foundation CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GEORGE VUE et al., | F065058 |
| Plaintiffs and Respondents, | (Super. Ct. No. 11CECG04276) |
| v. | |
| HMONG INTERNATIONAL NEW YEAR FOUNDATION, INC., et al., | **ORDER MODIFYING OPINION AND DENYING REHEARING** [No Change in Judgment] |
| Defendants and Appellants. | |

**THE COURT:**

It is ordered that the opinion filed herein on February 4, 2014, be modified as follows:

1.  On page 10, the second full paragraph is deleted and the following paragraph and footnote are inserted in its place:

Simply put, the causes of action alleged are not "*based on*" defendants' protected free speech or even the New Year celebrations themselves.  (*Personal Court Reporters*, *Inc. v. Rand*, *supra*, 205 Cal.App.4th at p. 190.)  Plaintiffs are not suing defendants because they engaged in protected speech.  Rather, plaintiffs are suing defendants because they believe a breach of the 1998 agreement has occurred by virtue of United Hmong International, Inc.,[3] entering into a subsequent resolution

[3] Whether plaintiffs can properly proceed as successors of United Hmong International, Inc., or bring a breach of contract claim does not speak to the question of whether the challenged conduct arose from a protected activity.  Instead, it goes to the second prong of the necessary analysis:  whether plaintiffs can demonstrate a probability of prevailing on the merits.  The trial court did not reach that issue as it found defendants had failed to meet this threshold burden.

amounting to an improper assignment, and because defendants are allegedly misusing charitable funds.

2. On page 12, the first full paragraph, beginning "Finally, to the degree" is deleted and the following paragraphs are inserted in its place:

Finally, defendants contend the trial court erred in failing to address their evidentiary objections.

In its tentative ruling, the trial court found defendants failed to meet their burden as to the first prong of the two-pronged analysis: that plaintiffs' lawsuit arises from "an act in furtherance of a person's right of petition or free speech under the United States or California Constitutions in connection with a public issue." (§ 425.16, subd. (b)(1).) It then noted it "need not rule on Defendants' objections to Plaintiffs' evidence. Even assuming the court were to admit all of the testimony objected to, the court would still DENY the motion to strike. So the objections are moot."

The trial court did not fail to rule on defendants' objections insofar as it ignored those objections. Rather, it ruled those objections were moot because whether or not the affidavits of George Vue and Cheng Lee were credited, defendants had still failed to meet their threshold burden on the first prong of the analysis. Our de novo review confirms as much, as explained *ante*.

In any event, assuming a ruling was required, any error was harmless. The declarations of Vue and Lee were submitted in anticipation of a challenge to plaintiffs' ability to show a probability of prevailing on the merits of their claims, i.e., the second prong of the analysis. (See *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 630 [burden did not shift to plaintiff and declarative evidence offered in support of second prong; "we fail to see how such a ruling, even if completely favorable to defendants, would have aided them in making their prima facie showing that the essence of plaintiff's claims concerned defendants' protected speech. [D]efendants are putting the proverbial cart before the horse"].) Therefore, because the trial court did not reach the second prong, any error in its failure to address defendants' evidentiary objections is harmless.

There is no change in the judgment. Appellants' petition for rehearing is denied.

_____
PEÑA, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
DETJEN, J.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GEORGE VUE et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>HMONG INTERNATIONAL NEW YEAR FOUNDATION, INC., et al.,<br><br>Defendants and Appellants. | F065058<br><br>(Super. Ct. No. 11CECG04276)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Dowling Aaron Incorporated, Daniel O. Jamison and Matthew R. Dildine for Defendants and Appellants.

Fike, Boranian & Watson and David A. Fike for Plaintiffs and Respondents.

-ooOoo-

**INTRODUCTION**

Defendants Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang, Zang Her, and Liahoua Vang appeal the trial court's denial of their motion to strike pursuant to Code of Civil Procedure[1] section 425.16, the anti-SLAPP

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

statute.[2]  Specifically, defendants assert they made the required threshold showing that the challenged causes of action put forth in plaintiffs' first amended complaint arise from protected activity.  Further, defendants contend plaintiffs cannot demonstrate a probability of prevailing on their claims.  As a result, defendants claim the trial court's order must be vacated and the trial court should be ordered to enter a new order granting defendants' motion.  We disagree with defendants and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to the agreement that is the subject of this appeal, two separate Hmong New Year celebrations would occur in Fresno.  Community leaders then came together in an effort to unify the Hmong people's proud celebrations.

### *The November 1998 Agreement*

On November 17, 1998, representatives of three separate nonprofit groups executed the "Agreement Re Hmong New Year Celebration."  The parties included Hmong National New Year, Inc., and Hmong National Council, Inc. (collectively, the Fairgrounds Group), and United Hmong International, Inc. (the Sunnyside Group).  The agreement provided for a consolidated 1999 New Year celebration to be held at the Fresno County Fairgrounds, to be sponsored and conducted by the Sunnyside Group.

Among other things, the agreement included a noncompete provision whereby the Fairgrounds Group agreed not to sponsor, conduct, or participate in another Hmong New Year celebration of any type in the Central Valley for a period of 10 years.  It also provided, "in the event that the Sunnyside Group does not hold the Hmong New Year Celebration in Fresno County, California, the Sunnyside Group may not assign the right to conduct the Celebration to any group, organization or individual, but rather the right to conduct such Celebration shall automatically vest with the Fairgrounds Group."  A

---

[2]"SLAPP is an acronym for 'Strategic Lawsuit Against Public Participation.'" (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 485, fn. 1, citing *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 815, fn. 1; see also *Jarrow Formulas*, *Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

2.

separate provision provided, "No party shall assign its interest hereunder without the prior written consent of the other party."

The agreement was signed by Ly Pao Yang and Yang Mee Hang as president and secretary, respectively, of Hmong National New Year, Inc., George Vue as president of Hmong National Council, Inc., and Youa True Vang and Zang Her as chairman and secretary, respectively, of United Hmong International, Inc. Additionally, Ly Tou, George Vue, Paul Ly, and Ly Pao Yang, as individuals, agreed to be bound by the noncompete provision. Finally, the agreement was witnessed by David BearHeart for the City of Fresno, Gerald Dyer on behalf of the City of Fresno Police Department, and Scott Anderson for the Fresno County Fairgrounds.

### The Resolution of April 1999

On April 4, 1999, Vang Thao, president of United Hmong International, Inc., and Youa True Vang, president of Hmong International New Year Committee, executed a document entitled "Resolution of Agreement Between United Hmong International, Inc. and Hmong International New Year Foundation, Inc." The resolution stated a meeting was held to "discuss and clarify the structure" of the two named organizations, and noted as "RESOLVED" a number of issues, including that the "name of Hmong International New Year Foundation, Inc. shall be changed to 'Hmong International New Year, Inc.,'" that the "Hmong International New Year Committee shall collaborate and cooperate with United Hmong International, Inc.," and that the "Hmong International New Year Committee shall perform its daily business without the interference of United Hmong International, Inc. or any other organizations." The resolution was witnessed by Nhia Long Vang and Wa Her Vang, president and advisor, respectively, of the Vang Family.

### The Original Complaint

On December 15, 2011, plaintiffs George Vue, Ly Pao Yang, Cheng Lee, Hmong National Council, Inc., and Hmong National New Year, Inc., filed a complaint asserting causes of action for breach of contract, declaratory relief, breach of fiduciary duty, and

3.

accounting. Named defendants included United Hmong International, Inc., Hmong International New Year Foundation, Inc., Vang Thao, and Youa True Vang.

### *The First Amended Complaint*

On January 30, 2012, plaintiffs George Vue, Ly Pao Yang, Cheng Lee and United Hmong Council, Inc., filed a first amended complaint. Defendants were identified as Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang, Zang Her, and Liahoua Vang. This amended complaint asserted three causes of action: declaratory relief, breach of fiduciary duty, and accounting.

### *The Subsequent Pleading and Motion*

On March 6, 2012, defendants demurred to the first amended complaint. On that same date, defendants also filed a motion for an order striking plaintiffs' causes of action pursuant to section 425.16, the anti-SLAPP statute.

Plaintiffs filed their opposition to both the demurrer and the motion to strike on March 16, 2012.

Defendants filed their reply to the opposition to the motion to strike on March 22, 2012. In addition, defendants filed evidentiary objections to the declarations of plaintiffs George Vue and Cheng Lee.

### *The Trial Court's Rulings*

Both matters were heard and argued April 18, 2012. The trial court's tentative ruling became the order of the court. As pertinent here, the trial court ruled as follows:

> "Defendants argue that … Plaintiffs' claims for declaratory relief, breach of fiduciary duty, and accounting are intended to chill their free speech right to continue organizing the Hmong New Year celebration at the Fresno Fairgrounds. [¶] … [¶]

> "This particular agreement did not directly implicate free speech. It merely regulated the management and administration of the event. While the event itself clearly involves an element of free speech, the contract represents a reasonable arrangement among interested parties as to where the event would be held and which organization would run it. This was akin to a reasonable time, place, and manner restriction on free speech, rather than an infringement on free speech. Accordingly, a lawsuit

4.

genuinely seeking the court's interpretation of the provisions of the agreement would merely regulate where the event would be held and by whom it would be organized.

"There is no allegation that the agreement would completely bar the Foundation from holding another New Year celebration at a different time or at a different location. So it does not purport to completely circumscribe Foundation's free speech rights.

"On its face, this is merely a dispute over which of several groups has the contractual right to run these events. This is an administrative question that is allegedly governed by the original agreement … and also by the assignment [resolution]. Here there is evidence that the parties voluntarily agreed to negotiate who would take responsibility for organizing and running one unified event. And the original agreement expressed the belief of the signatories that a unified event would confer benefits on the Hmong community. Accordingly, as pled, the claim on its face purports to be a genuine contract dispute regarding the parties' respective rights and responsibilities as to the administrative management of the Hmong New Year.

"In Opposition, Plaintiffs note correctly that the Defendants' act underlying the Plaintiffs' cause of action must itself have been an act in furtherance of the right of petition or free speech. [Citations.] Here, the act of organizing and managing the celebration is not itself an act in furtherance of the right of petition or free speech. And the dispute over the parties' agreement is, on its face, a contractual dispute over the parties' voluntary agreement to regulate the administrative question of which group or groups would organize the event and where it would be held. [¶] … [¶]

"In this case the court is faced primarily with a governance issue, and only tangentially with a free speech issue. While some parade lawsuits raise free speech issues, not every parade lawsuit automatically raises free speech issues.

"Accordingly, Defendants fail to carry their burden to show that this lawsuit targets a protected activity."

## DISCUSSION

### I.    Standard of Review

We review de novo the trial court's ruling on an anti-SLAPP motion. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.) "Resolving the merits of a section 425.16 motion involves a two-part analysis, concentrating initially on whether the challenged cause of

5.

action arises from protected activity within the meaning of the statute and, if it does, proceeding secondly to whether the plaintiff can establish a probability of prevailing on the merits.  [Citation.]"  (*Overstock.com*, *Inc. v. Gradient Analytics*, *Inc.* (2007) 151 Cal.App.4th 688, 699.)  In our de novo review, "'[w]e consider "the pleadings, and supporting and opposing affidavits … upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)  However, we neither "weigh credibility [nor] compare the weight of the evidence.  Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citation.]' [Citation.]"  (*Flatley v. Mauro*, *supra*, at p. 326.)

"'If the trial court's decision denying an anti-SLAPP motion is correct on any theory applicable to the case, we may affirm the order regardless of the correctness of the grounds on which the lower court reached its conclusion.  (*Robles v.Chalilpoyil* [(2010) 181 Cal.App.4th 566,] 573.)'  (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1306-1307.)"  (*Personal Court Reporters*, *Inc. v. Rand* (2012) 205 Cal.App.4th 182, 188-189.)

## II.     The Anti-SLAPP Statute

Section 425.16, subdivision (b)(1), provides:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  An act in furtherance of a person's right of petition or free speech broadly includes, among other things, "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  (*Id*., subd. (e)(4).)

"[T]he Legislature enacted section 425.16, the anti-SLAPP statute, to provide for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the

constitutional rights of freedom of speech and petition for the redress of grievances. [Citation.]" (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 315.) "The Legislature authorized the filing of a special motion to strike such claims (§ 425.16, subds.(b)(1), (f)), and expressly provided that section 425.16 should 'be construed broadly.' [Citations.]" (*Ibid.*)

The resolution of an anti-SLAPP motion requires the court to engage in a two-step process: "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. [Citation.]" (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) Second, "[i]f the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" (*Ibid.*) If the defendant has succeeded in showing the challenged causes of action are based on conduct protected by the statute, and the plaintiff does not or cannot demonstrate the probability of prevailing on those claims, the special motion to strike will be granted. (§ 425.16, subd. (b)(1); *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1181.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

## III.    Whether Challenged Claims Arose From Protected Activity

Under the first step of the analysis under section 425.16, defendants were required to make a threshold showing that the challenged declaratory relief, breach of fiduciary duty, and accounting causes of action in plaintiffs' amended complaint arose from

protected activity within the meaning of the statute. (§ 425.16, subd. (b)(1); *Equilon Enterprises v. Consumer Cause*, *Inc.*, *supra*, 29 Cal.4th at p. 67.)

A party meets this burden by demonstrating the acts underlying the plaintiff's causes of action came within one of the categories of section 425.16, subdivision (e). (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) "[T]he critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech. [Citations.]" (*Id*. at p. 78.) We focus on the "substance" of the lawsuit, or the "*principal thrust* or *gravamen*" of the action. (*Martinez v. Metabolife Internat.*, *Inc.* (2003) 113 Cal.App.4th 181, 188; accord, *Episcopal Church Cases* (2009) 45 Cal.4th 467, 477; *World Financial Group*, *Inc. v. HBW Ins. & Financial Services*, *Inc.* (2009) 172 Cal.App.4th 1561, 1568.) Hence, "when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." (*Martinez v. Metabolife Internat.*, *Inc.*, *supra*, at p. 188.) "'If the mention of protected activity is "only incidental to a cause of action based essentially on nonprotected activity," then the anti-SLAPP statute does not apply.' [Citation.]" (*Aguilar v. Goldstein* (2012) 207 Cal.App.4th 1152, 1160.)

## A.      Plaintiffs' First Cause of Action

Plaintiffs' first cause of action in the first amended complaint alleges that an

> "actual controversy has arisen and now exists between plaintiffs and defendants concerning their respective rights and duties under the Agreement. Plaintiffs contend that under the Agreement, the assignment by [United Hmong International Council, Inc.,] to defendant [Hmong International New Year Foundation, Inc.,] of the right to conduct the New Year Celebration at the Fairgrounds was a breach of the Agreement resulting in the right to conduct the event being automatically vested in [Hmong National Council, Inc.,] and [Hmong National New Year, Inc.] Plaintiffs are informed and believe and thereon allege that defendants dispute plaintiffs' contentions and contend that the Agreement was not breached and that [Hmong International New Year Foundation, Inc.,] has the sole right to conduct the Hmong New Year Celebration at the Fairgrounds."

Plaintiffs assert that a judicial determination is necessary "so that the parties may ascertain their rights and duties under the Agreement and whether the assignment … was a breach thereby causing the right to conduct the Hmong New Year Celebration to automatically vest in the Fairgrounds Group."

### B. Plaintiffs' Second Cause of Action

In their second cause of action for breach of fiduciary duty, plaintiffs alleged:

"[D]efendants did not exercise the care required of directors under Corporations Code § 5231, in that they allowed funds from revenue received from the annual Hmong New Year Celebrations conducted … to be used for personal and other uses unrelated to the charitable purposes of the corporation.

"[D]efendants' actions constituted self dealing prohibited by Corporations Code § 5233 and defendants should be required to return to the corporation all such funds and property received by way of and as a result of such prohibited transactions."

Plaintiffs alleged the corporation had been damaged as a result, "by a loss of revenues that should have been used for the stated charitable purposes of the corporation …."

### C. Plaintiffs' Third Cause of Action

In seeking an accounting in their third cause of action, plaintiffs alleged that because the resolution provided the parties "shall collaborate and cooperate and that a unified effort is needed to benefit the Hmong community," plaintiffs demanded of defendants "an accounting of the proceeds derived from the New Year celebrations conducted," yet defendants failed to provide such an accounting as required by law. Further, plaintiffs alleged the money received from the celebrations is "unknown to plaintiffs and cannot be ascertained without an accounting," but that defendants refused and continue to refuse plaintiffs' requests.

### D. Our Analysis

The trial court correctly determined plaintiffs' lawsuit is one involving a dispute over contractual rights and responsibilities and issues related to financial management, and the suit only incidentally involves an issue of free speech.

9.

As noted by the California Supreme Court in *Equilon Enterprises*, "'"the act underlying the plaintiff's cause" or "the act which forms the basis for the plaintiff's cause of action" must *itself* have been an act in furtherance of the right of petition or free speech.'" (*Equilon Enterprises v. Consumer Cause*, *Inc.*, *supra*, 29 Cal.4th at p. 66.) Here, the acts that form the bases for plaintiffs' causes of action do not themselves amount to acts in furtherance of the right to free speech. The declaratory relief cause of action does not arise from protected activities, but from an actual controversy between these parties regarding the scope and enforceability, and the relative rights and responsibilities, of the 1998 agreement and the effect of the subsequent resolution. The breach of fiduciary duty claim concerns whether defendants exercised care with regard to the funds under their control, and whether any of those funds were used for improper purposes. To the degree funds are alleged to have been improperly used, plaintiffs' cause of action asserts those funds should be returned. Finally, the accounting cause of action also relates to financial management by defendants and whether that management comports with the spirit contemplated by the resolution wherein the involved entities were to collaborate and cooperate for the benefit of the Hmong community.

Simply put, the causes of action alleged are not "*based on*" defendants' protected free speech or even the New Year celebrations themselves. (*Personal Court Reporters*, *Inc. v. Rand*, *supra*, 205 Cal.App.4th at p. 190.) Plaintiffs are not suing defendants because they engaged in protected speech. Rather, plaintiffs are suing defendants because they believe defendants have breached the 1998 agreement by entering a resolution amounting to an assignment, and because defendants are allegedly misusing charitable funds.

"'"That a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such."'" (*Personal Court Reporters*, *Inc. v. Rand*, *supra*, 205 Cal.App.4th at p. 190.) "'[S]imply because the complaint contains some references to speech or petitioning activity by the defendant,'" does not permit the defendant to "'take advantage of the anti-SLAPP statute.'" (*Ibid*.) Hence, to the degree

10.

plaintiffs' causes of action were triggered by the Hmong New Year celebration events conducted by defendants, and where those events clearly involve protected activities, those celebrations or triggering events do not directly give rise to the causes of action asserted. (See *Personal Court Reporters*, *Inc. v. Rand*, *supra*, at p. 190, citing *Martinez v. Metabolife Internat.*, *Inc.*, *supra*, 113 Cal.App.4th at p. 188 ["it is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies [citation], and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute"].) Here, the protected activity is peripheral to the actual legal claims asserted in the first amended complaint. (See, e.g., *City of Cotati v. Cashman*, *supra*, 29 Cal.4th at p. 80 [controversy not a SLAPP because dispute concerned validity of city ordinance, not protected activity related to city ordinance].)

As below, defendants rely upon *U.S. Western Falun Dafa Assn. v. Chinese Chamber of Commerce* (2008) 163 Cal.App.4th 590 to support their position that they have met the required threshold showing. Significantly however, the *Falun Dafa* opinion focuses solely on the second step of the required two-step process, or whether the plaintiff has a probability of prevailing. (*Id*. at pp. 599-606.) The opinion does not include a discussion regarding protected activity, yet that is our focus here. In fact, that portion of the court's opinion was not published. (*Id*. at p. 599.) Hence, the *Falun Dafa* opinion does not support defendants' assertions as they relate to whether they have made a threshold showing that the challenged causes of action arise from protected activity, or activity in furtherance of their constitutional right to petition or free speech.

To the degree defendants assert plaintiffs' claims or evidence are legally insufficient, the merits of those

> "claims should play no part in the first step of the anti-SLAPP analysis. (*Coretronic Corp. v. Cozen O'Connor* (2011) 192 Cal.App.4th 1381, 1388.) The first step only determines whether section 425.16's procedural protection applies; the second step of the analysis addresses whether there

11.

> is sufficient merit to the claims at issue to allow the litigation to proceed. (*Schaffer v. City and County of San Francisco* (2008) 168 Cal.App.4th 992, 1004–1005 (*Schaffer*).) The [cross-defendants] cannot meet their threshold showing in step one by pointing to the lack of evidence that the statements were made, the truth of the alleged statements, or affirmative defenses. (See *Birkner v. Lam* (2007) 156 Cal.App.4th 275, 284; *Freeman v. Schack* (2007) 154 Cal.App.4th 719, 733.) Likewise, evidence that the alleged 'statements were false does not determine whether they constitute protected activity for purposes of the SLAPP statute.' (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1549.)" (*City of Costa Mesa v. D'Alessio Investments*, *LLC* (2013) 214 Cal.App.4th 358, 371-372.)

Our review of the record included a review of the various declarations in support of and in opposition to the motion. To the degree this court considered these documents for purposes of the first step in the process, nothing in those declarations establishes plaintiffs' claims arise from protected activity.

Finally, to the degree defendants contend the trial court erred in failing to address their evidentiary objections to plaintiffs' affidavits, in the anti-SLAPP context, evidentiary objections are forfeited if no ruling is obtained at the hearing on the motion. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291, fn. 17; *U.S. Western Falun Dafa Assn. v. Chinese Chamber of Commerce*, *supra*, 163 Cal.App.4th at p. 603, fn. 5.) Here, the tentative ruling noted, "The court need not rule on Defendants' objections to Plaintiffs' evidence. Even assuming the court were to admit all of the testimony objected to, the court would still DENY the motion to strike. So the objections are moot." If defendants took issue with the court's election not to address their written evidentiary objections and its tentative ruling in this regard, it was incumbent upon defendants to ask the court to do so at the hearing on the motion. However, defendants have elected to proceed without a reporter's transcript, so what occurred at the hearing on the motion is not before us. Nor does the court's minute order of April 18 address the issue. Therefore, we deem the objections forfeited.

In sum, the main thrust of plaintiffs' complaint is the underlying controversy between the parties over the interpretation and effect of the agreement and subsequent

resolution. We find the claims do not interfere with defendants' valid exercise of the freedom of speech or petition for redress of grievances. The free speech associated with the Hmong New Year celebration and its events is merely incidental to plaintiffs' causes of action for declaratory relief, breach of fiduciary duty, and accounting. Accordingly, defendants did not meet the threshold showing. Because we have determined defendants did not meet their threshold showing, we do not reach the second step of the process. (*City of Cotati v. Cashman*, *supra*, 29 Cal.4th at pp. 80-81.) Therefore, we do not address defendants' arguments that plaintiffs cannot demonstrate a probability of prevailing on their claims.

For these reasons, we conclude the trial court did not err in denying defendants' special motion to strike, and thus we affirm the order without reaching the issue of whether plaintiffs have demonstrated a probability of prevailing on their claims.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to plaintiffs.

_____
PEÑA, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
DETJEN, J.

13.