Filed 10/23/13  Zuercher v. Faryab CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| LAWRENCE ZUERCHER, Plaintiff and Respondent, v. HORMOZ FARYAB et al., Defendants and Appellants. | H037589 (Santa Clara County Super. Ct. No. CV178550) |

## I.  INTRODUCTION

Respondent Lawrence Zuercher filed an action against appellants Hormoz Faryab and Mehrdad Farzinpour and other defendants, seeking a declaration that his default judgment against Iyad Naffa was a joint and several liability of a partnership whose partners included Naffa, Faryab, and Farzinpour.  Zuercher also alleged that defendants were liable for financial elder abuse.

Faryab and Farzinpour responded to the second amended complaint by bringing a special motion to strike under Code of Civil Procedure section 425.16,[1] the anti-SLAPP[2] statute, which provides that a cause of action arising from constitutionally protected

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] "SLAPP is an acronym for 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

speech or petitioning activity is subject to a special motion to strike unless the plaintiff establishes a probability of prevailing on the claim. (§ 425.16, subd. (b)(1).) The trial court denied the motion, finding that the action did not arise from protected activity.

On appeal, defendants contend that the trial court erred in denying their anti-SLAPP motion because the causes of action for declaratory relief and elder abuse arise from defendants' litigation activity in Merced County Superior Court that is protected under section 425.16. For the reasons stated below, we disagree and therefore we will affirm the trial court's order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Proceedings in Merced County Superior Court*

In 2008, Zuercher filed an action in Merced County Superior Court against Naffa, asserting that Zuercher, on behalf of the Anderson-Zuercher Partnership, had entered into a contract whereby he would provide professional planning services for development projects as requested by Naffa, and Naffa would pay Zuercher specified compensation for his services. (*Zuercher v. Naffa* (Super. Ct. Merced County, 2010, No. 151449).)

Zuercher alleged that he performed under the contract and Naffa breached the contract by failing to pay him the agreed-upon compensation. Additionally, Zuercher alleged that Naffa had breached a second contract by failing to make payments owed to Zuercher on a personal note. (*Ibid.*) In January 2010, the Merced County Superior Court entered a default judgment against Naffa as a sanction for Naffa's repeated violations of the court's orders, in an amount in excess of $704,008. (*Zuercher v. Naffa*, *supra*, No. 151449.)

Zuercher then filed a motion for an order charging judgment debtor Naffa's interest in Del Rey Villas, LLC with payment of the unsatisfied portion of the default judgment, pursuant to section 708.310. Faryab and Farzinpour filed opposition to the charging motion on the ground that Naffa had not had an ownership interest in Del Rey Villas, LLC since 2008. In 2011, the Merced County Superior Court denied the charging

motion, finding that the evidence showed that Naffa had withdrawn as a member of Del Rey Villas, LLC in June 2008, almost two years before the default judgment was entered. (*Zuercher v. Naffa*, 2011, No. 151449.)

In the meantime, Zuercher initiated the instant action against Faryab and Farzinpour by filing a complaint for declaratory relief in Merced County Superior Court (*Zuercher v. Comes et al.*, 2011, No 178550.)  The action was transferred to Santa Clara County Superior Court in July 2010.  The currently operative complaint is the second amended complaint, filed in January 2011.

### B. *The Second Amended Complaint*

The second amended complaint (hereafter, the complaint) named Faryab and Farzinpour, among others, as defendants.   Only Faryab and Farzinpour are parties to this appeal.  The complaint includes two causes of action, for declaratory relief and elder abuse.

### 1.  Declaratory Relief Cause of Action

In the declaratory relief cause of action, Zuercher asserts that he entered into a written agreement with Naffa in 2004.  According to Zuercher, the agreement provided that he was to receive a fee consisting of the "value of one lot" if an investment group associated with Naffa purchased "a land parcel and Zuercher does work on it."  Zuercher further asserts that Naffa had the authority to negotiate agreements for a general partnership in which Naffa, Faryab, and Farzinpour were partners (named "The Partnership" in the complaint) and "[t]he purpose of the contract was to secure Zuercher's planning services for the partners' development projects."

Zuercher also alleges that after the 2004 contract was breached he sued Naffa in Merced County Superior Court and obtained a final judgment.  Naffa, Zuercher asserts, "shared an interest" in Del Rey Villas LLC with Faryab and Farzinpour.  Zuercher also asserts that "Faryab, and Farzinpour, are resisting efforts to obtain a charging order

3

against Naffa's interests in Del Rey Villas, LLC, of which Naffa, Faryab and Farzinpour are members."

Regarding the declaratory relief sought, the complaint states that "[a]n actual controversy has arisen and now exists between plaintiff and defendants concerning their respective rights and duties in that plaintiff contends that at all relevant times, a partnership existed and exists between the Partners; that the contract between Zuercher and Naffa was intended to further the interests and goals of the partnership; that Naffa was acting within the scope of his authority of The Partnership in entering into the contract with Zuercher; and that the judgment entered in favor of Zuercher in Merced [County] Superior Court, Case No. CU151449 is a joint and several liability of the partnership."

The declaratory relief sought by Zuercher is "a judicial determination of his rights and a declaration as to whether at all relevant times, a partnership existed . . . between . . . Faryab, Farzinpour and Naffa; that the contract between Zuercher and Naffa was intended to further the interests and goals of the partnership; that Naffa was acting within the scope of his authority in entering into the contract with Zuercher; and that the judgment entered in favor of Zuercher in Merced [County] Superior Court, Case No. CU151499 is a joint and several liability of the partnership."

### 2. Elder Abuse Cause of Action

According to the complaint, Zuercher was over the age of 65 when he sent a demand letter to Farzinpour and Faryab in 2008 seeking payment of $1,890,216 allegedly owed to him under the 2004 contract with Naffa. Zuercher alleges that Naffa "in concert with defendants FARYAB and FARZINPOUR, took, secreted, appropriated, obtained, or retained personal property of Plaintiff in that Naffa purportedly voluntarily asked to be removed as a member of Del Rey Villas, LLC. [¶] . . . [¶] Naffa's letter requesting 'to be removed as a member of this LLC' was submitted to the Merced [County] Superior Court in October, 2010, in an effort to defeat a request for a Charging Order against Naffa's

4

membership interest in that LLC.  This was the first Zuercher learned of Naffa's purported withdrawal of membership in the LLC."

Zuercher further alleges that Faryab and Farzinpour assisted Naffa to hide his assets from Zuercher and deprive him of "his property rights in the amount of $1,890,216.00."  He seeks compensatory and punitive damages for elder abuse under Welfare and Institutions Code section 15600 et seq.

## C.  *Special Motion to Strike Under Section 425.16*

Faryab and Farzinpour (hereafter, defendants) responded to the complaint by filing a special motion to strike the complaint under section 425.16.  They argued that both the cause of action for declaratory relief and the cause of action for elder abuse arose from defendants' litigation-related activities in Zuercher's Merced County Superior Court action.

Specifically, defendants claimed that the declaratory relief action was based, "in material part," on the allegation that defendants had "resist[ed]" Zuercher's efforts to obtain a charging order against Naffa's interest in Del Rey Villas, LLC.  Defendant's " 'resist[a]nce' " included filing opposition to Zuercher's motion for a charging order in the Merced County Superior Court proceedings.  Defendants argued that their " 'resist[a]nce' " constituted litigation activity that is protected under section 425.16, subdivision (e).

Defendants similarly argued that the cause of action for elder abuse was based upon protected litigation activity because it "is based on the theory that Defendants, who have no fiduciary duty toward Plaintiff, committed 'Elder Abuse' by 'resisting' Plaintiff's attempts to obtain a charging order in the Merced Lawsuit, . . . ."

In addition, defendants contended that Zuercher could not show a probability of prevailing on his claims because as an individual he lacked standing to enforce the 2004 contract to which only his partnership was a party.  Defendants further contended that their alleged partnership did not exist at the time of the 2004 contract; the action was

5

time-barred; a default judgment cannot be enforced in a declaratory relief action; and Zuercher could not meet his burden to prove financial elder abuse in the absence of evidence of recklessness, oppression, fraud, or malice.

### D. *Opposition to the Motion*

Zuercher argued that the anti-SLAPP motion should be denied because neither cause of action arose from protected activity within the meaning of section 425.16, explaining that the "gravamen" of the complaint was "ordinary business activities." He further explained that the "passing reference" in the complaint to defendants' litigation activity in Merced County Superior Court was merely incidental and did not subject the complaint to being stricken under section 425.16. Additionally, Zuercher argued that he had a reasonable probability of prevailing on both causes of action, arguing that none of defendants' contentions about the viability of his claims had merit.

### E. *The Trial Court's Order*

In its order of September 14, 2011, the trial court rejected defendants' contention that the complaint arose from their litigation-related activities in the Merced County Superior Court action and denied the special motion to strike.

The court determined that "[w]hile the first cause of action [for declaratory relief] alleges that Faryab and Farzinpour are resisting efforts to obtain a charging order against Naffa's interests in Del Rey Villas, LLC [citation], it does not challenge Faryab and Farzinpour's right to resist the charging order or any of their litigation-related activities. Rather, Faryab and Farzinpour's conduct that gives rise to the first cause of action is their (alleged) formation of a partnership with Naffa and the other named defendants [citation]. [Citation.] Thus, Faryab and Farzinpour's special motion to strike the first cause of action is DENIED because whether the defendants formed a partnership is not constitutionally-protected conduct. [Fn. omitted.]"

The order also stated: "As to the second cause of action for elder abuse, the only conduct giving rise to Plaintiff's claim of elder abuse is the actions taken in June 2008.

6

[Citation.] Faryab and Farzinpour's efforts to defeat Plaintiff's motion for charging order [citation] are merely incidental to this cause of action and [are] included to explain that Plaintiff first learned of the 2008 activities when Far[y]ab and Farzinpour opposed the motion for charging order. Accordingly, Faryab and Farzinpour's motion is DENIED as to the second cause of action as it does not arise from protected activity."[3]

Defendants thereafter filed a timely notice of appeal.[4]

### III. DISCUSSION

On appeal, defendants reiterate their contentions that the trial court erred in denying their anti-SLAPP motion because the action arose from their protected litigation-related activity and Zuercher does not have a probability of prevailing on his claims. We will begin our evaluation of defendants' contentions with an overview of section 425.16, the anti-SLAPP statute, followed by a discussion of the applicable standard of review.

#### A. *Section 425.16*

Section 425.16 was enacted in 1992 in response to a "disturbing increase" in lawsuits brought for the strategic purpose of chilling a defendant's rights of petition and free speech. (§ 425.16, subd. (a).)[5] SLAPPs are unsubstantiated lawsuits based on

---

[3] The trial court also issued an order on September 14, 2011, ruling on defendants' 75 evidentiary objections. Since defendants have not raised any issue on appeal with respect to their evidentiary objections, we need not address the September 14, 2011 order ruling on the objections.

[4] "An order denying a special motion to strike under section 425.16 is immediately appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).)" (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 490.)

[5] Section 425.16, subdivision (a) provides: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly."

7

claims arising from defendant's constitutionally protected speech or petitioning activity. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 60; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*).)

Section 425.16 applies to any cause of action against a person "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." (§ 425.16, subds. (b)(1), (e)(4).) The stated purpose of section 425.16 is to encourage protected speech by permitting a court to promptly dismiss unmeritorious actions or claims that are brought "primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a); *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278 (*Soukup*).)

Under section 425.16, the trial court evaluates the merits of a possible SLAPP by "using a summary-judgment-like procedure at an early stage of the litigation." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.) The procedures authorized in the statute allow a defendant to stay discovery before litigation costs mount, obtain early dismissal of the lawsuit, and recover attorney's fees. (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 197-198.)

A defendant seeking the protection of the anti-SLAPP statute has the burden of making the initial showing that the lawsuit arises from conduct "in furtherance of [a] person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." (§ 425.16, subds. (b)(1), (e)(4); *Navellier*, *supra*, 29 Cal.4th at pp. 87-88.) Once the defendant has shown that the plaintiff's claim arises from one of the section 425.16, subdivision (e) categories of protected activity, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); *Navellier*, *supra*, at p. 88.)

8

Thus, " '[s]ection 425.16 posits . . . a two-step process for determining whether an action is a SLAPP.  First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.  . . .  If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim.'  [Citation.]  'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.'  [Citation.]" (*Soukup*, *supra*, 39 Cal.4th at pp. 278-279.)

**B.  *The Standard of Review***

"Review of an order granting or denying a motion to strike under section 425.16 is de novo.  [Citation.]  We consider 'the pleadings, and supporting and opposing affidavits . . .  upon which the liability or defense is based.'  (§ 425.16, subd. (b)(2).)  However, we neither 'weigh credibility [nor] compare the weight of the evidence.  Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.'  [Citation.]" (*Soukup*, *supra*, 39 Cal.4th at p. 269, fn. 3.)

Applying this standard of review, we will independently determine from our review of the record whether the cause of action for declaratory relief or the cause of action for elder abuse constitutes a SLAPP under section 425.16.  We will begin by addressing the threshold showing of protected activity, since we find that issue to be dispositive.

**C.  *Threshold Showing of Protected Activity***

**1.  The Parties' Contentions**

Defendants argue that the trial court erred in denying their special motion to strike on the ground that the allegations about their actions in the Merced County Superior Court action were merely incidental and did not challenge protected activity.  Defendants

acknowledge that the complaint contains " 'mixed causes of action' " that allege both constitutionally protected activity and unprotected activity. However, they contend that because their constitutionally protected litigation-related activities in the Merced County Superior Court action are a "material part" of both causes of action, the complaint constitutes a SLAPP that should be stricken under section 425.16.**6**

Zuercher disagrees. In his view, the complaint shows that the "core injury-producing conduct" of defendants that gave rise to the cause of action for declaratory relief was "their partnership with Naffa, with reaping the benefits of Zuercher's work without fully compensating him for that work." He therefore argues that the allegation regarding defendants' efforts in Merced County Superior Court to resist a charging order is merely incidental to the unprotected conduct.

As to the cause of action for elder abuse, Zuercher argues that the "core injury-producing conduct" of defendants giving rise to that cause of action was defendants' "efforts in assisting their partner Naffa hide his assets," and defendants' resistance to the charging order in Merced County Superior Court was also merely incidental to that unprotected conduct.

To evaluate the parties' contentions, we turn to section 425.16, subdivision (e), which is the statutory provision governing the threshold showing of protected activity.

---

**6** We deny Zuercher's motion for judicial notice of documents filed in the trial court after the September 14, 2011 order denying the section 425.16 motion, including defendants' February 2012 motion to stay all proceedings pending resolution of the instant appeal and the trial court's March 7, 2012 order denying the motion. "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.]" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Accordingly, we will disregard Zuercher's judicial estoppel argument that is based upon the documents for which he requested judicial notice.

10

## 2.  Section 425.16, subdivision (e)

Section 425.16, subdivision (e) provides in pertinent part:  "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law . . . ."

Since "[t]he filing of lawsuits is an aspect of the First Amendment right of petition" (*Soukup*, *supra*, 39 Cal.4th at p. 291), a claim based on actions taken in connection with litigation fall "squarely within the ambit of the anti-SLAPP statute's 'arising from' prong.  (§ 425.16, subd. (b)(1)."  (*Navellier*, *supra*, 29 Cal.4th at p. 90, fn. omitted.)

However, the California Supreme Court has instructed that "the statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.  [Citation.]  In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech.  [Citation.]  'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e). . . .'  [Citations.]"  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78-79 (*City of Cotati*).)

Where, as here, a cause of action alleges both activity protected under section 425.16, subdivision (e) and unprotected activity, we apply the " 'principal thrust or gravamen' test."  (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 319 (*Club Members*).)  "The 'principal thrust or gravamen' test has been used to

determine whether an action fits within the scope of the anti-SLAPP protection provided by section 425.16 when a pleading contains allegations referring to both protected and unprotected activity.  [Citation.]"  (*Ibid*.)  Under that test, "when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute."  (*Martinez v. Metabolife Internat.*, *Inc.* (2003) 113 Cal.App.4th 181, 188 (*Martinez*).)  Thus, "a defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant.  [Citation.]"  (*Ibid.;* *accord*, *Prediwave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204, 1219.)

In other words, as this court has stated, the " ' "focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." ' [Citations.]"  (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 575.)

### 3. Analysis

Where, as here, the subject of a special motion to strike is a cause of action for declaratory relief, the defendant must show that the actual controversy underlying the cause of action arose from protected activity within the meaning of section 425.16, subdivision (e).  (*City of Cotati*, *supra*, 29 Cal.4th at pp. 78-80.)  We will apply the principal thrust or gravamen test (*Club Members*, *supra*, 45 Cal.4th at p. 319) to determine whether the cause of action for declaratory relief in Zuercher's complaint arose from defendants' protected activity.

The complaint states that Zuercher seeks declaratory relief as follows:  "[A] judicial determination of his rights and a declaration as to whether at all relevant times, a partnership existed . . . between . . . Faryab, Farzinpour and Naffa; that the contract between Zuercher and Naffa was intended to further the interests and goals of the

12

partnership; that Naffa was acting within the scope of his authority in entering into the contract with Zuercher; and that the judgment entered in favor of Zuercher in Merced [County] Superior Court, Case No. CU151499 is a joint and several liability of the partnership."

These allegations show that the actual controversy between Zuercher and defendants Faryab and Farzinpour that gave rise to the declaratory relief cause of action is not protected activity, since the gravamen of the actual controversy is whether defendants were in a partnership with Naffa that subjects them to joint and several liability for the default judgment. The allegation that defendants "resisted" Zuercher's motion for a charging order against Naffa's interest in Del Rey Villas LLC, even if understood as an allegation that defendants engaged in arguably protected litigation-related activity, does not allege an activity that gave rise to the actual controversy and is therefore merely incidental. (See *Martinez*, *supra*, 113 Cal.App.4th at p. 188; see also *Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 189-190 [causes of action were based on nonprotected activity of failing to pay court reporter's fees; defendants' protest that the fees were illegal, excessive, and unnecessary was arguably protected activity but incidental to gravamen of complaint]; *Episcopal Church Cases*, (2009) 45 Cal.4th 467, 477-478 [property dispute was not transformed into a SLAPP by allegation that defendants expressed disagreement with church authorities].)

Moreover, "the mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute. [Citation.]" (*Navellier, supra,* 29 Cal.4th at p. 89.) Therefore, Zuercher's filing of the instant action after defendants "resisted" his motion for a charging order in Merced County Superior Court does not indicate that the cause of action for declaratory relief was based upon protected activity.

Since the gravamen of the actual controversy from which the cause of action for declaratory relief arose was the parties' dispute regarding defendants' liability for the

13

default judgment as Naffa's alleged partners, we determine that defendants have not made the threshold showing of protected activity and the cause of action is not a SLAPP subject to be stricken under section 425.16.

We reach a similar conclusion regarding the cause of action for elder abuse. The gravamen of the cause of action for elder abuse is plainly stated in the complaint: "Faryab assisted Naffa in his efforts to hide his assets and deprive Mr. Zuercher of benefits due under the contract . . . [¶] . . . Farzinpour assisted Naffa in his efforts to hide his assets and deprive Mr. Zuercher of benefits due under the contract . . . [¶] . . . Plaintiff was deprived of his property rights in the amount of $1,890.216.00." As defendants implicitly acknowledge, these allegations do not refer to activity that is protected under section 425.16, subdivision (e).

Defendants contend, however, that the additional allegation that they submitted a letter from Naffa asking to be removed as a member of " 'this LLC' " in the Merced Superior Court proceedings, "in an effort to defeat a request for a Charging Order against Naffa's membership interest in that LLC," is an allegation of protected litigation-related activity that subjects the elder abuse cause of action to being stricken as a SLAPP. We disagree.

Under the gravamen test, as we have discussed, "when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." (*Martinez*, *supra*, 113 Cal.App.4th at p. 188.) Here, we find that the allegations referring to defendants' litigation-related activity in Merced County Superior Court are only incidental to the elder abuse cause of action, which is obviously based upon the allegations that defendants have helped Naffa hide his assets from Zuercher's efforts to collect on the default judgment. Accordingly, defendants have not made the threshold showing of protected activity and therefore the elder abuse cause of action is not a SLAPP and may not be stricken under section 425.16.

14

For these reasons, we conclude that the trial court did not err in denying defendants' special motion to strike, and we will affirm the order without reaching the issue of whether Zuercher has demonstrated a probability of prevailing on his claims.

## IV.  DISPOSITION

The September 14, 2011 order denying the special motion to strike the second amended complaint is affirmed.  Costs on appeal are awarded to respondent.


_____
BAMATTRE-MANOUKIAN, J.



WE CONCUR:




_____
ELIA, ACTING P.J.




_____
MÁRQUEZ, J.



15