Filed 7/15/15  Johnson v. Syed CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
| --- | --- |
| DARLENE DUQUETTE JOHNSON, | B258701 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. SC120286) |
| KAMRAN SYED, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Gerald Rosenberg, Judge.  Affirmed; monetary sanctions imposed.

Kamran Syed, in pro. per., for Defendant and Appellant.

R. Lance Belsome for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant, Kamran Syed, appeals from a judgment following a court trial and order denying his new trial motion.  Plaintiff, Darlene Duquette Johnson, brought a cause of action against defendant and Los Angeles Film Society for financial abuse of a dependent adult under Welfare and Institutions Code section 15610.30.  Plaintiff served admissions requests on defendant.  Defendant did not serve a proper response and plaintiff moved to have the admissions request deemed admitted.  The trial court granted plaintiff's motion.  Following a bench trial on the financial abuse cause of action, the trial court found in favor of plaintiff.  The trial court relied upon the deemed admissions order.  Defendant moved for a new trial, contending he should be relieved from the deemed admissions order.  Defendant concurrently moved for relief from the deemed admitted order.  The trial court denied both motions.

Defendant contends the trial court erred by deeming the request for admissions admitted.  We affirm the judgment and order.  We also find defendant's appeal was taken solely for an improper purpose.  Thus, we grant plaintiff's monetary sanctions motion.

# II.  BACKGROUND

## A.  Plaintiff's Complaint

On March 7, 2013, plaintiff filed a complaint against Beth Shaw, Yogafit Training Systems Worldwide, Incorporated, Seven Bricks Holdings, LLC, Yogaflair LLC, and Does 1 through 20.  Plaintiff complained of:  financial abuse of a dependent adult; fiduciary duty breach; conversion; constructive trust imposition; privacy invasion; wrongful termination in violation of public policy; contract breach; and for an accounting.  Plaintiff later amended her complaint pursuant to Code of Civil Procedure section 474 to name defendant and Los Angeles Film Society to her causes of action for financial abuse of a dependent adult and conversion.

We will focus on the allegations against defendant which are pertinent to this appeal. Plaintiff was a dependent adult within the meaning of Welfare and Institutions Code section 15610.23. She struggled with a debilitating mental condition from 2002. She was diagnosed as suffering from bipolar disorder and other mental disorders. She is susceptible to episodes of acute psychological disability. During such episodes, plaintiff was involuntarily hospitalized.

On April 6, 2011, plaintiff suffered a psychological episode, was removed from her home and detained under Welfare and Institutions Code section 5150. While plaintiff was held in a psychiatric hospital, Ms. Shaw misappropriated plaintiff's Land Rover and other personal property. This included records, identification, driver's license, keys, computer, contracts, clothes, furniture and service dogs.

For plaintiff's cause of action for financial abuse of a dependent adult, she alleges that the conduct occurred while she was held in a psychiatric hospital for 24 hours. Plaintiff alleges economic, reputational and physical harm and pain and mental suffering. For plaintiff's conversion cause of action, she alleges defendant removed from her home her personal property, including the Land Rover, various items of jewelry and records. Plaintiff also alleges defendant acted with recklessness, oppression, fraud or malice in conscious disregard of her interests. Plaintiff requests as relief general and punitive damages, reasonable attorney fees, and costs. Plaintiff settled her claims against other defendants except for the Los Angeles Film Society.

### B. Plaintiff's Admissions Requests and Deemed Admitted Motion

On April 2, 2014, plaintiff served defendant with admissions requests. Also served with admissions requests was the codefendant, Los Angeles Film Society. Plaintiff moved for an order that the matters in the requests for admission be deemed admitted on May 12, 2014. Plaintiff contended defendant failed to properly serve responses to the admissions requests. On June 9, 2014, defendant filed his opposition. Defendant contended he served all responses to plaintiff's discovery requests. Defendant

3

provided as an exhibit the first page of the facsimile transmission of the responses of the Los Angeles Film Society to plaintiff's admissions requests. The opposition contained nothing else concerning any response by defendant. On June 10, 2014, the trial court issued an order granting plaintiff's motion. As a result, defendant was deemed to have admitted the following: prior to and since April 13, 2011, he was informed that plaintiff suffered from a mental disability; he was informed that plaintiff was a dependent adult; from April 5 through 12, 2011, plaintiff was an in-patient in a 24-hour health facility within the meaning of Welfare and Institutions Code section 15610.23, subdivision (b); between and since that time period, defendant exercised control over plaintiff's property; between April 5 through 12, 2011, defendant misappropriated plaintiff's property; at no time since April 12, 2011 has he returned plaintiff's property; between April 5 and 12, 2011, and since, he caused plaintiff's Land Rover to be transferred to himself; plaintiff did not meet or speak with him at her home in 2011; and plaintiff never told him she intended to donate her Land Rover to any charitable organization.

## C. Bench Trial

On June 30, 2014, trial was held. Plaintiff agreed to dismiss without prejudice her conversion cause of action. She proceeded solely on her Welfare and Institutions Code section 15610.30 claim for financial abuse of a dependent adult. According to a minute order, both plaintiff and defendant testified. No reporter's transcript of any proceeding has been provided by defendant. According to a minute order, the trial court found that based on the June 10, 2014 order regarding the deemed admissions, plaintiff had proven her cause of action. Judgment was entered against defendant in the amount of $24,000 plus interest from April 13, 2011, which was $5,399.01. Monetary sanctions were imposed regarding the deemed admissions order in the amount of $1,520 plus an interest rate of 10 percent per annum. Judgment was formally entered July 17, 2014.

4

## D. New Trial and Relief from Admissions Motions

On July 21, 2014, defendant moved for new trial. He argued the deemed admissions order was erroneous and materially affected the judgment. As noted, the responding party listed on the admission request response is the codefendant, Los Angeles Film Society. He contended that responses were served by facsimile transmission in good faith to plaintiff's counsel on June 5, 2014, and personally served prior to the June 10, 2014 motion hearing. Defendant concurrently filed a motion for relief from the admissions under Code of Civil Procedure section 2033.300, subdivision (a). Defendant declared he personally served plaintiff's counsel at the June 10, 2014 hearing. Defendant attached the admissions request responses of the Los Angeles Film Society as an exhibit to his motion.

Plaintiff's counsel declared defendant did not serve a copy of the proposed responses to the admissions requests on June 10, 2014. Plaintiff also denied ever receiving proper service via facsimile transmission. The parties did not have a facsimile transmission agreement for service under Code of Civil Procedure section 1013, subdivision (e). As an exhibit, plaintiff included the documents actually sent by facsimile transmission by defendant on June 5, 2014. The attached proof of service indicates personal service was accomplished by defendant on June 4, 2014.

On August 26, 2014, the trial court heard argument as to the new trial and relief from admissions motions. As noted, no substitute for a reporter's transcript has been filed by defendant. The new trial motion was denied. The motion for relief from the deemed admitted order was denied because it could not be heard post-judgment.

## III. DISCUSSION

### A. Defendant's Arguments

Defendant's sole argument on appeal is that the trial court erred by deeming admitted the matters in plaintiff's specified admissions requests. Defendant seeks a new trial and relief from the deemed admitted order. Alternatively, defendant requests we enter a new judgment in his favor.

### B. Inadequate Record on Appeal

No reporter was present during the deemed admitted motion hearing, the bench trial or the new trial motion hearing. In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273–274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent Etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385–386

6

[motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713–714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71–73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].)

Here, no reporter was present for the deemed admitted motion hearing, the bench trial or the new trial motion hearing. Defendant did not submit an adequate substitute for a reporter's transcript. Without a settled or agreed statement of these proceedings, plaintiff argues we cannot consider defendant's contentions for the reasons expressed in the immediately preceding paragraph. On this ground alone, we agree the judgment must be affirmed.

## C. Sanctions

Plaintiff also moves for monetary sanctions against defendant for filing a frivolous appeal and for an improper purpose. Plaintiff contends defendant: stated orally and in writing he would force her to expend resources defending her judgment against him if she did not dismiss the action in exchange for $1,000 paid annually for 10 years; stated he would file bankruptcy; failed to serve her with filed documents on appeal; failed to cite the underlying record in his opening brief; omitted material parts of the record; requested to dismiss this appeal on January 23 but then only later requested reinstatement of the appeal on January 26, 2015; admitted colluding with two other people to take her Land Rover while she was hospitalized to satisfy a business debt, thus admitting to the underlying facts of her cause of action; and admitted giving false testimony in deposition and at trial to conceal these facts. Plaintiff requests as relief in her sanctions motion attorney fees and costs incurred on appeal.

This is a proper case for the imposition of monetary sanctions. Plaintiff's counsel, R. Lance Belsome, has filed a lengthy declaration setting forth grounds which

7

justify the imposition of monetary sanctions. According to Mr. Belsome, the following occurred on August 26, 2014: "[A]fter the hearing on his post-trial motions, [defendant] told me he would agree to pay [plaintiff] $1,000 a year over ten years if she dismissed her case. (Judgment had been entered for $39,919 and the motion for attorney fees had not yet been decided.) [Defendant] told me, if his offer was rejected, he could easily 'cut and paste' his post-trial motions into an appellate brief and require me to waste more time on this case. I told him that, if he did that, [plaintiff] would seek attorney fees on appeal and he may wind-up owing her more after the appeal. [Defendant] told me he would just declare bankruptcy when the appeal was denied." Further, in an August 28, 2014 letter, defendant indicated he would like to save himself and plaintiff time by offering to settle. In addition, plaintiff threatened to declare bankruptcy if his offer of settlement was denied. Also in a August 30, 2014 letter, defendant referenced the fact plaintiff would be exhausting her resources by pursuing the appeal if he was successful.

On January 22, 2015, defendant telephoned Mr. Belsome. In that telephone conversation, defendant admitted giving false testimony because he had been threatened with criminal prosecution. Mr. Belsome agreed to meet with defendant that day. In that meeting, defendant admitted receiving the Land Rover from a friend, Ellen Lavinthal, with whom he had been romantically involved. Ms. Lavinthal was a close friend of Beth Shaw. (Ms. Shaw is named as a codefendant in the complaint.) Ms. Lavinthal offered the Land Rover to defendant in lieu of a debt owned by Ms. Shaw for photography work. Ms. Lavinthal instructed defendant that if he was ever questioned about how he came into possession of the Land Rover, he should say, "'[Plaintiff] is crazy, you can't believe anything she says.'" Although warned not to do so, defendant agreed to take the Land Rover because he was having difficulty being paid by Ms. Shaw. The Land Rover was delivered to defendant's apartment on a flat-bed truck. Ms. Shaw instructed defendant how to hide the Land Rover from people who knew it belonged to plaintiff.

After being served as a fictitiously named defendant along with the Los Angeles Film Society, defendant spoke to both Ms. Shaw and Ms. Lavinthal. Defendant was told by Ms. Shaw and Ms. Lavinthal that if he did not falsely testify as to how he secured the

Land Rover, he could be charged grand theft. Ms. Shaw then provided defendant with a false written statement as to how he secured the Land Rover. According to Mr. Belsome, defendant described the false written statement provided by Ms. Shaw: "It included a physical description of [plaintiff], a false account of when and where he met and saw [plaintiff], and a false account of when and where [plaintiff] purportedly stated she would donate the [Land Rover]." That false written statement, after editing, was used by defendant's then attorney to attempt to negotiate a dismissal of this action. According to Mr. Belsome, "That false account wasted hours of the trial court time and many hours of my time." In their January 22, 2015 conversation, Mr. Belsome described defendant's admission of culpability: "[Defendant] told me he had been 'duped' by [Ms.] Shaw and [Ms.] Lavinthal into taking the [Land Rover] . . . because they threatened him. He told me he had e[-]mail, text messages, and other documents corroborating what he stated and would provide them to me."

During the January 22, 2015 meeting, Mr. Belsome raised the issue of defendant's failure to serve litigation documents. Mr. Belsome's declaration states: "I specifically told [defendant] that he was required to serve me with copies of anything he filed in this case. I told them he was signing false proofs of service under oath and that the court clerk knew he was not serving me because each time he did this I had to obtain copies from the clerk. [Defendant] did not say anything in response. He just looked at me and smirked." According to Mr. Belsome's declaration, at the end of their January 22, 2015 meeting, he "demanded" that the present appeal be dismissed.

On January 26, 2015, defendant telephoned Mr. Belsome. Defendant stated that he was going to file the request to dismiss the appeal. Defendant agreed to bring a copy of the conformed dismissal request to Mr. Belsome's office along with the e-mail and other documents they had previously discussed on January 22, 2015. Later on January 26, 2015, defendant appeared at Mr. Belsome's office as promised. According to Mr. Belsome's declaration: "[Defendant] then told me he was having second thoughts about admitting he testified falsely because he was concerned he would never be able to be involved in future litigation if he did that. He said he wanted to make [Ms.] Shaw and

9

[Ms.] Lavinthal satisfy the judgment without admitting he gave false testimony.  After, again, listening to him for some time I told him I did not know if it was possible to do what he wanted and that I would not put any effort into supporting his false testimony."  Mr. Belsome then asked defendant to leave.

After reviewing this court's website, Mr. Belsome then learned defendant had filed a dismissal request on January 23, 2015.  Additionally, Mr. Belsome discovered defendant had filed, on January 26, 2015, a request to withdraw the January 23 dismissal request.  In addition, on January 26, 2015, defendant filed an extension of time request.  None of these documents were served on Mr. Belsome.  Moreover, in their conversations, defendant never related that he had filed them.

Defendant has filed a lengthy brief challenging the imposition of monetary sanctions against him.  However, defendant has not filed a counter-declaration.  After conducting a hearing on plaintiff's monetary sanctions motion and weighing the evidence, monetary sanctions are imposed against defendant in the sum of $53,153.44.  The weight of the evidence indicates the present appeal has been taken for improper purposes—to delay payment and annoy and harass plaintiff and her counsel.  (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a).)  The prosecution of an appeal for an improper purpose is a distinct basis for imposing sanctions apart from frivolousness. (*Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 191; *In re Marriage of Gong and Kwong* (2008) 163 Cal.App.4th 510, 516.)  Mr. Belsome has documented the fact his client has, on appeal, incurred attorney fees and costs in the sum of $53,153.44.  We need not discuss related issues as to whether sanctions should be imposed on other grounds.  We need not discuss whether the appeal is frivolous, in whole or in part, or if there has been a violation of court rules pertinent to the preparation of an appendix.

10

## IV. DISPOSITION

The judgment is affirmed. Plaintiff, Darlene Duquette Johnson, is awarded her appeal costs from defendant, Kamran Syed. Plaintiff's monetary sanctions motion is granted. Monetary sanctions are imposed on Mr. Syed in plaintiff's favor in the amount of $53,153.44, payable upon remittitur issuance.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

KIRSCHNER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.